IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VADA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 321-014 |
| ) | |
| P.A. MURRY, P.A. Medical Staff; NURSE ) | |
| POOLE; UNIT MANAGER WINTERS; and ) | |
| TSP MEDICAL STAFF, ) | |
| ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names as Defendants: (1) P.A. Murry; (2) Nurse Poole; (3) Unit Manager Winters; and (4) TSP Medical Staff. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Nurse Poole and Defendant Murry failed to report Plaintiff's leg injury when he notified Defendants of the injury at pill call. (Id. at 6.) Both Defendants examined Plaintiff's leg injury

and told him he would be called to medical to be treated; however, Plaintiff was never seen, and his leg injury continued to worsen. (Id.) Unit Manager Winters told Plaintiff she would escort him to medical but failed to do so, and is liable "because she is over all security matters." (Id.)

On December 30th, Plaintiff awoke and "notice[d] a small and painful hole in [his] leg," which was excessively painful when touched. (Id. at 7.) Plaintiff could not walk due to the pain, which caused him to scream and fall down. (Id.) The following day, inmates carried Plaintiff to the dorm door to show Nurse Poole and Unit Manager Winters the severity of his injury during pill call. (Id.) Both Defendants told Plaintiff to file a sick call request because there was nothing they could do. (Id.)

After filing a sick call request, Plaintiff took Motrin for the pain and went to sleep. (Id.) Plaintiff awoke to find his leg twice its normal size and the hole ten times larger than the day before. (Id.) Plaintiff did not receive medical assistance because it was the weekend, and was escorted to the medical department four days later. (Id. at 7-8.) Plaintiff's blood was drawn to determine the source of the injury, and Plaintiff was given antibiotics for the infection. (Id. at 8.) Plaintiff has yet to be informed of what caused the leg injury. (Id.) As of February 1, 2021, Plaintiff no longer has any swelling in his leg; however, his leg still causes him pain. (Id.) For relief, Plaintiff requests compensatory and punitive damages. (Id. at 9.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Defendant TSP Medical Staff

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff alleges no facts regarding the TSP Medical Staff and does not connect them to the events alleged to have occurred. Indeed, it appears Plaintiff did not intend to name the TSP Medical Staff as a Defendant in this case, but instead, simply list the job title of the named Defendants. (See doc. no. 1, pp. 1, 4.) Therefore, Plaintiff fails to state a claim against the TSP Medical Staff.

### 3. Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant TSP Medical Staff, along with all official capacity claims for money damages against all Defendants, be **DISMISSED** from this case. By separate Order, the Court directs service of process on Defendants Murry, Nurse Poole, and Unit Manager Winters based on

Plaintiff's Eighth Amendment deliberate indifference claim.

SO REPORTED and RECOMMENDED this 10th day of June, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA