IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VADA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 321-014 |
| ) | |
| P.A. MURRY, P.A. Medical Staff; NURSE ) | |
| POOLE; UNIT MANAGER WINTERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison ("TSP"), and because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d). On June 10, 2021, the Court directed the United States Marshals Service to effect service of process on Defendants. (Doc. no. 8.) In accordance with the Court's Order directing service, the Marshal mailed a copy of the complaint to Defendants, requesting they waive formal service of summons. (See doc. no. 8-2.)

On June 21, 2021, an individual at TSP, other than Defendants, signed for the certified mail containing the complaint and waiver of service forms. (Doc. no. 11.) When no Defendant returned a signed waiver of service or filed an answer, the Court directed the Marshal to contact the Georgia Attorney General's Office to inquire about the status of

Defendants and if the Attorney General's Office intended to represent them. (Doc. no. 13.) Defendants Murray and Winters filed waivers, and their answers are due on November 12, 2021. (Doc. nos. 18, 19, 20.)

On September 10, 2021, the Court entered an order explaining service had not been accomplished on the remaining Defendant and reminding Plaintiff of his responsibility to provide timely and accurate identifying information so that service could be accomplished by the United States Marshal. (See doc. no. 16, p. 2 (citing doc. no. 8, p. 3).) Furthermore, the Court again cautioned Plaintiff that a defendant not timely served may be dismissed. (Id.) However, recognizing Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause, the Court directed Plaintiff to explain the reason for the delay in service of process within fourteen days and warned failure to do so would result in Defendant Poole's dismissal without prejudice for failure to effect service. (Id. at 2.)

Plaintiff failed to respond to the Court's show cause order or further assist the United States Marshal serve Defendant Poole. Thus, he has not shown good cause for failing to timely effect service on Defendant Poole, and the Court finds that no other circumstances warrant an extension of the service period. Additionally, because Defendants Murray and Winters have made an appearance in this case, dismissal of the unserved Defendant will not completely deprive Plaintiff of the opportunity to litigate claims arising out of the events underlying this lawsuit.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Poole and all of Plaintiff's claims against Defendant Poole be **DISMISSED** without prejudice for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 7th day of October, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA